UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, et al., | CASE NO. 2:24-mc-00039-TL |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| v. | |
| DIGITAL INTERIOR GROUP LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' *Ex Parte* Motion for Entry of Judgment by Confession, filed as a miscellaneous action. Dkt. No. 1. Having reviewed the motion and governing law, the Court ORDERS Plaintiffs to show cause why the motion should not be denied and this action should not be dismissed.

## I.    BACKGROUND

Plaintiffs in this case are the Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Western Glaziers Retirement Fund, the Board of Trustees of the District Council No. 5 Apprenticeship and Training Trust Fund, the Board of Trustees of the Finishing Trades

Institute, the Board of Trustees of the Painters and Allied Trades Labor Management

Cooperation Initiative, the Board of Trustees of the Washington Construction Industry Substance

Abuse Program, the Western Washington Glaziers Org Fund, the Western Washington Glaziers

MRP, the Washington Association of Signatory Glazing Contractors, and the International Union

of Painters and Allied Trades District Council No. 5. Dkt. No. 1 at 2. Defendants are the

Washington company Digital Interior Group, LLC, and two individuals: Felipe Fernandez

Camey and Mario R. Bonilla. *Id.*

On or about August 3, 2023, the Parties executed a stipulation and judgment by

confession to settle disputes regarding unpaid fringe benefit contributions and associated

amounts. *Id.* at 3. Plaintiffs represent that "Defendants have stipulated that this Court has subject

matter jurisdiction of this matter pursuant to § 502(e)(1) of the Employee Retirement Income

Security Act of 1974, as amended ("ERISA")." *Id.* (referencing the stipulation). The attached

stipulation and judgment by confession are each signed by the Parties and notarized. Dkt. No. 1-

1 at 14 (Ex. 1, Sstipulation and Consent for Entry of Judgment by Confession); Dkt. No. 1-1 at

19 (Ex. 2, Judgment by Confession). By their own terms, these documents are to "be considered

one instrument and shall become binding when signed." Dkt. No. 1-1 at 13 (Ex. 1 ¶ 16). Both

documents are formatted as filings to a Court in this District, with the heading "UNITED STATES

DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON, AT SEATTLE," followed by a case caption

with all Parties' names. Dkt. No. 1-1, Ex. 1 at 1; Dkt. No. 1-1, Ex. 2 at 1. According to the

stipulation, this Court has jurisdiction over the matter, as ERISA grants federal courts "exclusive

jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) . . . to redress

violations or enforce the terms of ERISA or an employee benefit plan government by ERISA."

*See* Dkt. No. 1-1 at 9 (Ex. 1 ¶ 4).

The total judgment amount is for $89,778.28 plus post-judgment interest.[1] Dkt. No. 1-2 at 1. The stipulation requires Defendants to remit monthly payments (or else prepay the entire judgment balance), submit monthly reports listing hours worked by employees covered under labor agreements with Plaintiffs, and pay any contributions due pursuant to other agreements between the Parties until the full settlement amount is paid. Dkt. No. 1-1 at 10–11 (Ex. 1 ¶¶ 10–11). It allows Plaintiffs to seek entry of judgment against Defendants, jointly and severally, upon written notice of default, "for whatever amount remains due and owing, without further notice to Defendants or Order from the Court." *Id.* at 12 (Ex. 1 ¶ 12(b)). However, it appears Plaintiffs never filed an actual case in the Western District of Washington regarding these claims, so neither the stipulation nor the judgment by confession were ever filed in court.

Plaintiffs assert that Defendants completed their settlement payments but have defaulted on their obligation to continue to pay "certain continuing obligations that fall due while any portion of the Judgment Amount remained unpaid ('Stay Current Amount')." Dkt. No. 1 at 3–4. Specifically, Defendants did not submit monthly payment contributions for September and October 2023, nor provided contribution reports for November and December 2023. Dkt. No. 1-1 at 9 (Ex. 1 ¶¶ 4–7). Plaintiffs have attempted to resolve the default by giving Defendants four separate notices and opportunities to cure over as many months. *Id.* at 3–4 (Ex. 1 ¶¶ 4–7), 22–38 (Exs. 3–6). In each notice letter (sent both via mail and email), Plaintiffs specifically reminded Defendants about their ability to file for a confession judgment if they did not cure within ten days. *Id.* at 24 (Ex. 3, November 15, 2023, letter), 29 (Ex. 4, December 19, 2023, letter), 33 (Ex. 5, January 11, 2024, letter), 37–38 (Ex. 6, February 1, 2024, letter). On June 26, 2024, Plaintiffs

---

[1] The stipulation is internally inconsistent regarding the rate of annual post-judgment interest that would accrue on the judgment, sometimes stating it will be 12% and at other times stating 15%. *Compare* Dkt. No. 1-1 at 8, 10 (Ex. 1 ¶¶ 3, 9), *with* Dkt. No. 1-1 at 11–12 (Ex. 1 ¶ 12(a)–(d)), *and* Dkt. No. 1-2 at 1 & ¶ 4.

1   opened a miscellaneous action before this Court to pursue entry of the confession judgment. Dkt.

2   No. 1 at 1.

3                              II.      LEGAL STANDARD

4          A confession judgment, also known as a cognovit note, is an "ancient legal device by

5   which [a] debtor consents in advance to the holder's obtaining a judgment without notice or

6   hearing" and authorizes "entry of a judgment against him if the obligation set forth in the note is

7   not paid when due." *Dotson v. Metrociti Mortg.*, No. C10-3484, 2011 WL 3875997, at *5 (E.D.

8   Cal. Aug. 31, 2011) (quoting *FDIC v. Aaronian*, 93 F.3d 636, 637–638 (9th Cir. 1996) and *D.H.

9   Overmyer Co., Inc. of Ohio v. Frick*, 405 U.S. 174, 176 & n. 2 (1972)); *cognovit*, BLACK'S LAW

10  DICTIONARY (11th ed. 2019). This security device may allow creditors to extend lower interest

11  rates to debtors. *Aaronian*, 93 F.3d at 640. Confession judgments are a product of state law with

12  "no counterpart in the federal rules." *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d

13  109, 113 (D.D.C. 2011) (citing *FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000)); *see also

14  Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir. 1948) ("There is no express provision in

15  federal procedure for the entry of judgment on a confession by the clerk of court."). However,

16  there is precedent for entry of such judgments by federal courts under certain circumstances,

17  namely where "subject-matter jurisdiction exists and the confession of judgment was voluntarily,

18  knowingly, and intelligently made." *Adkisson v. Epik Holdings, Inc.*, No. C23-495, 2024 WL

19  3510933 (W.D. Wash. July 23, 2024) (quoting *LOL Fin. Co. v. Carrigan*, No. C16-651, 2016

20  WL 4154339, at *2 (D. Minn. Aug. 5, 2016)) (additional citations omitted); *see also* 18 U.S.C. §

21  1874 (authorizing federal courts to render judgment for a plaintiff in actions on bonds or

22  specialties "wherein the forfeiture, breach, or nonperformance appears by . . . confession of the

23  defendant").

24

# III.   DISCUSSION

## A.   Subject Matter Jurisdiction

Federal courts have limited jurisdiction, as they only possess the powers granted to them by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citation omitted). The party asserting jurisdiction has the burden of overcoming the presumption "that a cause lies outside of [the federal courts'] limited jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). This Court must dismiss a case if it determines that it lacks subject matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3).

Even assuming, without deciding, that the confession judgment motion was properly filed as part of a miscellaneous action and that Defendants properly waived pre-deprivation notice of entry of the judgment, this Court's jurisdiction has not been established. Confession judgments may include a provision "by which a debtor agrees to jurisdiction in certain courts," in addition to waiving notice requirements. *See cognovit clause*, BLACK'S LAW DICTIONARY (11th ed. 2019). However, parties cannot stipulate to a federal court's subject matter jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *accord Hajro v. USCIS*, 811 F.3d 1086, 1100 n.8 (9th Cir. 2016). The stipulation indicates that the settlement is based on alleged violations of Section 502(a)(3) of ERISA, over which federal courts have exclusive jurisdiction. *See* Dkt. No. 1-1 at 9 (Ex. 1 ¶ 4); 29 U.S.C. § 1132(e)(1) (conferring exclusive jurisdiction over violations of ERISA Section 502(a)(3) upon federal courts). But, as discussed, there does not appear to be any underlying ERISA litigation to which the settlement

1    agreement is tied. *See generally* Dkt. No. 1.

2         Recently, another court in this District, faced with a request for entry of a confessed

3    judgment in a closed case, issued an order to show cause why it had authority to enforce the

4    judgment. *See Adkisson*, 2024 WL 3510933, at *1–2. The *Adkisson* court had presided over the

5    matter pursuant to diversity jurisdiction, but in the absence of a dismissal order that incorporated

6    the settlement terms, was not convinced that it could exercise ancillary jurisdiction to enter the

7    confessed judgment. *See id.* at *3. The *Adkisson* court was unable to find—and the plaintiff in

8    that case did not supply—an independent jurisdictional basis to enforce the settlement agreement

9    in federal court. *See id.* at *2 *Adkisson*, Dkt. No. 33 (W.D. Wash. July 25, 2024) (plaintiff's

10   withdrawal of the motion in response to the show cause order, noting he would proceed with

11   enforcement of the confession judgment in state court).

12        Plaintiffs here assert jurisdiction based on ERISA. Dkt. No. 1 at 3. However, the Court is

13   not aware of any authorities establishing that a settlement reached to remedy a violation of

14   Section 502(a)(3) of ERISA automatically gives rise to federal court jurisdiction simply because

15   ERISA may be the topic of the settlement agreement, even in the absence of other ERISA

16   litigation.

17   **B.    Voluntary, Knowing, and Intelligent Waiver**

18        There has been long-running criticism of the confession judgment procedure from legal

19   authorities as well as popular culture based on due process concerns. *See Overmyer*, 405 U.S. at

20   177 (upholding application of a specific state's confession judgment procedure). As early as

21   1824, New Jersey's Chief Justice opined that this procedure was "the loosest way of binding a

22   man's property that was ever devised in any civilized country." *Id.* (quoting *Alderman v.*

23   *Diament*, 7 N.J.L. 197, 198 (Sup. Ct. 1824)). The procedure had even been "noted . . . with

24   obvious disfavor" by Charles Dickens in The Pickwick Papers. *Id.* Since the *Overmyer* decision,

1   confession judgments  have fallen into even greater disfavor[2] and are now prohibited in most

2   United States jurisdictions. *Compare id*, 405 U.S. at 177–78 (finding, as of 1972, that a majority

3   of states authorized confession judgments, though even at that time, some made "its employment

4   a misdemeanor"), *with cognovit clause*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Cognovit

5   clauses are outlawed or restricted in most states.").

6          While recognizing the commercial purpose of confession judgments, the Ninth Circuit

7   has cautioned that there is no presumption of waiver of a debtor's right to be heard in court.

8   *Aaronian*, 93 F.3d at 640. "Because the cognovit note deprives the debtor of notice that he is

9   being sued, and of his right to a hearing, courts demand 'clear and convincing evidence' that the

10  written waiver was 'voluntary, knowing, and intelligently made.'" *Id.* (quoting *Overmyer*, 405

11  U.S. at 185–86). The due process concerns courts have long identified with the confession

12  judgment procedure are heightened in the current case because the motion is brought as part of a

13  miscellaneous action.[3] Defendants are not served the summons and complaint upon filing of a

14  miscellaneous action. *See, e.g.*, Dkt. No. 1. It is incumbent on Plaintiffs to demonstrate that

15  Defendants have "voluntary[ily], knowing[ly], and intelligently" given advance consent to entry

16  of this adverse court judgment.

17          Plaintiffs' motion for judgment by confession is apropos of nothing; there is no underlying

18  civil litigation in state or federal court to which it appears to be connected. *See generally id.*

19

20  ---

[2] This District, for example, has not authorized entry of a confession judgment in recent memory. The Court is
21  aware of the granting of two such motions: one in 2016 that was vacated and modified per the plaintiffs' requests,
    *Kyko Glob. Inc. v. Prithvi Info. Sols. Ltd.*, No. C13-1034, 2016 WL 4055584, at *2 (W.D. Wash. Jan. 12, 2016),
    *vacated on other grounds*, 2018 WL 4804587 (W.D. Wash. Apr. 23, 2018), and another in 2020. *Eastwest Gold
22  Corp. v. Innovative Repairs, LLC*, No. C19-5442, Dkt. No. 26 (W.D. Wash. May 20, 2020). Both of these
    confession motions were made pursuant to prior litigation in this District.

23  [3] A miscellaneous action can be filed in this District for "a large variety of cases" such as "an action which does not
    qualify as a civil case," which can include "supplemental proceedings in a federal post-judgment action" such as
    applications for writs of garnishment or registrations of foreign judgments. *See* U.S. Dist. Ct. W. Dist. Wash., *Filing
24  a Miscellaneous Action*, available at https://perma.cc/WN9P-FFXA (last accessed August 1, 2024). The filing fee
    for a miscellaneous action is $52.00. *Id.*

Entering judgment in favor of Plaintiffs without any indication that their agreement with Defendants is memorialized in connection with any type of court action or otherwise valid would effectively allow Plaintiffs "to skip over the procedure required by the Federal Rules to go straight to an unopposed victory." *See Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, No. C09-80316, 2010 WL 335651, at *1 (N.D. Cal. Jan. 22, 2010) (denying entry of a confession judgment motion filed as a miscellaneous action); *Genesis Fluid Sols., Ltd. v. Eagle N. Am., Inc.*, No. MC10-80231, 2011 WL 1193571, at *2 (N.D. Cal. Mar. 29, 2011) (citing *Boosalis* and granting relief from confessed judgment in a miscellaneous action on basis that the procedure used to obtain the judgment was improper). While Plaintiffs have provided notarized documents purportedly bearing Defendants Camey and Bonilla's signatures (Dkt No. 1-1 at 14 (Ex. 1), 19 (Ex. 2)), this is insufficient evidence of the validity of Defendants' purported pre-deprivation waiver of notice and hearing. The Court is unable to determine whether any Defendants' waiver of notice and hearing through execution of the confession judgment was "voluntary[ily], knowing[ly], and intelligently made." *Aaronian*, 93 F.3d at 640. This alone is a basis to deny Plaintiffs' motion.

## IV.   CONCLUSION

Accordingly, Plaintiffs are ORDERED to show cause why their motion should not be denied and the miscellaneous action in its entirety should not be dismissed. Plaintiffs' response shall be filed no later than **fourteen (14) days** from the date of this Order.

Dated this 15th day of August 2024.

Tana Lin
United States District Judge